J-S82016-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DALTON FISHER | : | |
| | : | No. 138 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s): CP-12-CR-0000008-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DALTON FISHER | : | |
| | : | No. 139 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s): CP-12-CR-0000053-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT D. FISHER | : | |
| | : | No. 140 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 20, 2016

J-S82016-17

In the Court of Common Pleas of Cameron County Criminal Division at
No(s):  CP-12-CR-0000064-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT D. FISHER | : | |
| | : | No. 141 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s):  CP-12-CR-0000065-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DALTON FISHER | : | |
| | : | No. 142 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s):  CP-12-CR-0000072-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT DALTON FISHER | : | |
| | : | No. 143 WDA 2017 |
| Appellant | | |

- 2 -

J-S82016-17

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s):  CP-12-CR-0000073-2009

COMMONWEALTH OF                    :        IN THE SUPERIOR COURT OF
PENNSYLVANIA                       :             PENNSYLVANIA
                                   :
                                   :
        v.                         :
                                   :
                                   :
                                   :
SCOTT DALTON FISHER                :
                                   :        No. 144 WDA 2017
            Appellant

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s):  CP-12-CR-0000013-2010

COMMONWEALTH OF                    :        IN THE SUPERIOR COURT OF
PENNSYLVANIA                       :             PENNSYLVANIA
                                   :
                                   :
        v.                         :
                                   :
                                   :
                                   :
SCOTT DALTON FISHER                :
                                   :        No. 145 WDA 2017
            Appellant

Appeal from the PCRA Order December 20, 2016
In the Court of Common Pleas of Cameron County Criminal Division at
No(s):  CP-12-CR-0000033-2010

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:                FILED JANUARY 16, 2018

    Appellant, Scott Dalton Fisher, appeals from the order entered in the

_____

*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

- 3 -

 Court of Common Pleas of Cameron County denying his first petition filed

under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546,

following an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history underlying this appeal have

been set forth previously by this Court, in part, as follows:

> Appellant was charged in connection with dozens of camp/cabin burglaries which occurred between November of 2007 and August of 2008 in the counties of Cameron, Clinton, Tioga, Potter, Clearfield, and Elk.  All of the cases were eventually consolidated and tried in Cameron County.  Appellant was arrested in Cameron County on August 18, 2008, following a high-speed chase of his vehicle.  Burglary tools and stolen property were found in the vehicle after a consent search.
>
> An omnibus pre-trial motion, which included a motion to suppress evidence, was filed [by trial counsel] on October 19, 2009, and was eventually denied on June 21, 2011.  A jury trial was commenced on August 22, 2011, but on August 23, 2011, a mistrial was declared after a witness testified that [A]ppellant had previously been in jail in Wellsboro.  On August 26, 2011, [A]ppellant filed a motion to bar re-trial on grounds of double jeopardy.  On September 15, 2011, [A]ppellant filed a motion for change of venue/venire.  On November 22, 2011, the court denied the motion to bar re-trial.  On December 28, 2011, the trial court denied the motion for change of venue/venire.
>
> On March 15, 2012, [A]ppellant filed a motion for dismissal or release for nominal bail pursuant to Pa.R.Crim.P., Rule 600, 42 Pa.C.S.A.  The motion was denied on March 26, 2012.  Thereafter, Appellant waived his right to a jury trial and proceeded to a bench trial.  On July 18, 2012, the trial court found [A]ppellant guilty of 76 counts of conspiracy to commit burglary.  On October 12, 2012, [A]ppellant was sentenced to an aggregate term of 17¼ to 35½

years' imprisonment. [Trial counsel filed a] timely appeal [on behalf of Appellant].[1]

Commonwealth v. Fisher, Nos. 1768-1775 WDA 2012, at 3-4 (Pa.Super. filed 9/8/14) (unpublished memorandum) (footnote added).

On direct appeal, Appellant presented numerous claims of error; however, with the exception of four issues, we found the claims to be waived or, to the extent the claims presented allegations of ineffective assistance of counsel, we dismissed the claims without prejudice to Appellant's right to raise the issues in a collateral petition. With regard to the remaining issues, we found no merit,[2] and thus, on September 8, 2014, this Court affirmed Appellant's judgment of sentence. See id. Appellant did not file a petition for allowance of appeal with our Supreme Court.

_____

[1] While Appellant's counseled appeal was pending before this Court, Appellant filed a pro se notice of appeal. However, we dismissed his appeal. Commonwealth v. Fisher, No. 652 MDA 2014 (Pa.Super. filed 9/12/14) (per curiam order).

[2] Specifically, we found no merit to the following claims: (1) the trial court erred in failing to suppress evidence seized from Appellant's car since his consent to search was invalid as Appellant was in custody and was not apprised of his Miranda warnings; (2) the trial court erred in denying Appellant's request for a change of venue/venire; (3) the trial court erred in denying Appellant's motion for dismissal or nominal bail pursuant to Pa.R.Crim.P. 600; and (4) the evidence was insufficient to sustain Appellant's conviction for burglary.

Thereafter, counsel filed on behalf of Appellant a timely PCRA petition, and the trial court held an evidentiary hearing on March 9, 2016.[3] By order entered on December 20, 2016, the trial court denied Appellant's PCRA petition, and this timely counseled appeal followed. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issues in his Statement of Questions Involved:

I. Was [Appellant's] trial counsel ineffective for failing to call any witnesses on [Appellant's] behalf after [Appellant] requested that trial counsel call witnesses?

II. Were [Appellant's] rights violated when he asked for an attorney at the Pennsylvania State Police barracks in Emporium and the State Police denied him an attorney and attempted to question [Appellant] after he requested an attorney. [Was Appellant's] trial counsel [ ] ineffective for failing to raise this issue in the lower court[?]

III. Did the lower court err in denying [Appellant] a new attorney when he requested that he get new counsel prior to his first trial commencing[?] [Was Appellant] denied effective assistance of counsel[?]

IV. [Was Appellant's] trial counsel [ ] ineffective for allowing multiple continuances of [Appellant's] case without [Appellant's] consent[?]

V. [Was Appellant's] trial counsel [ ] ineffective for agreeing to a non-jury trial for [Appellant's] second trial when [Appellant] did not consent to the same[?]

VI. [Was Appellant's] trial counsel ineffective in his questioning of the co-defendant who testified against [Appellant] for failing to raise inconsistencies between the co-defendant's previous testimonies under oath?

_____

[3] Following the counseled PCRA petition, Appellant also filed a pro se PCRA petition.

VII. Was [Appellant's] trial counsel ineffective for failing to raise the Rule 600 issue with the trial court when the trial court took well over 365 days to decide [Appellant's] pre-trial motions[?]

VIII. Was [Appellant's] trial counsel ineffective for failing to raise the issue that the victims failed to provide sufficient proof of ownership of the items which they alleged were stolen from their property[?]

Appellant's Brief at 6-7.

We first note that, although presented as issues in his Statement of Questions Involved, Appellant specifically indicates in the argument portion of his brief that he is withdrawing Issues II, III, IV, V, VI, and VIII. See Appellant's Brief at 13, 15-18, 24. Consequently, we shall review Issues I and VII only.

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

Commonwealth v. Johnson, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

Furthermore,

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S.[A.] § 9543(a)(2)(i).
>
> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying

- 7 -

substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

Commonwealth v. Benner, 147 A.3d 915, 919–20 (Pa.Super. 2016) (quotation marks, quotations, and citations omitted).

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

Johnson, 139 A.3d at 1272 (citations omitted).

In his first issue, Appellant contends trial counsel was ineffective for failing to call any witnesses on Appellant's behalf at trial despite Appellant's request for him to do so. In this regard, Appellant contends that he asked trial counsel to contact and present the testimony of his uncle, Claude Gascark, who could confirm that Appellant "never went out at night[,]" as well as contact and present the testimony of Donna Clark, "who he assumed was the owner of the car he was pulled over in." Appellant's Brief at 11.

To establish counsel's ineffectiveness for failing to call a witness, a petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he

was denied a fair trial because of the absence of the testimony of the proposed witness.

Commonwealth v. O'Bidos, 849 A.2d 243, 249 (Pa.Super. 2004) (citations omitted and emphasis added).

Here, in finding Appellant is not entitled to relief, the PCRA court indicated the following:

> As a result of [trial counsel's] alleged failure to call any witnesses on [Appellant's] behalf at trial, [Appellant] maintains [trial counsel] was ineffective in his representation of [Appellant]. According to [Appellant], he told [trial counsel] to travel to the areas of Wellsboro and Mansfield, Pennsylvania, to speak to people about Edward Whitten, [Appellant's] co-defendant who testified against [Appellant] at trial. The only individuals identified by [Appellant] that he wanted [trial counsel] to speak with were his uncle, Claude Gascark, and Donna Clark, both of whom were deceased [by the time] the PCRA hearing [was] conducted in March 2016. Gascark ostensibly would have been able to testify that he was very familiar with [Appellant], that [Appellant] did not go out at night because he worked for Warren Johnson all day on Johnson's farm, including doing such work as plowing and cutting hay. [Appellant] was otherwise inspecific [sic] and vague about what Gascark may have been able to testify to that was relevant and material to the charges filed against [Appellant][.] [Appellant] also indicated that Donna Clark[,] whose car [Appellant] was driving when [he was] arrested on August 18, 2008, would also have been able to relate that [Appellant] worked every day, but similarly, there were no particulars provided [by Appellant] regarding her ability to present any exculpatory testimony at trial or any testimony remotely related to the charges filed as a result of criminal episodes which occurred over a broad expanse of time and geography.
>
> When questioned [at the PCRA hearing] about names provided by [Appellant] prior to trial, [trial counsel] indicated that he was never provided with a list of any alibi witnesses, but [he] was provided [with] a list of other potential witnesses who were inmates who supposedly said Edward Whitten was not willing to testify. [Trial counsel] decided not to investigate those potential inmate witnesses given that Whitten was very willing to cooperate

with the Commonwealth. [Trial counsel] also confirmed that at no time did he receive the names of any potential witnesses from [Appellant's] wife. At the time of the March 9, 2016 [PCRA] hearing, [Appellant] acknowledged that he suffers from many medical conditions and has some compromise of his memory. The testimony of [trial counsel] regarding the identification of potential defense witnesses was found to be more compelling and credible than that of [Appellant].

PCRA Court Opinion, filed 12/20/16, at 8.

Our review confirms that the PCRA court's findings are supported in the record, and we discern no legal error in the PCRA court's legal conclusions. See Johnson, supra. Specifically, as was within its province, the PCRA court found credible trial counsel's PCRA testimony that the only witnesses provided to him was a list of inmates Mr. Whitten allegedly talked to while he was in prison. See id. Thus, Appellant failed to demonstrate that he informed counsel of the existence of, or counsel should otherwise have known of, Gascark and Clark. See O'Bidos, supra. Further, as the PCRA court indicated, Appellant failed to prove the absence of Gascark's and/or Clarks' testimony prejudiced Appellant so as to deny him a fair trial. See id. Thus, Appellant is not entitled to relief on his first claim.

In his final developed claim, Appellant contends trial counsel was ineffective for omitting a certain issue in his motion for dismissal pursuant to Pa.R.Crim.P. 600. Specifically, citing to Commonwealth v. Africa, 524 Pa. 118, 569 A.2d 920 (1990), Appellant contends that judicial delay with regard to the trial court's ruling on his pre-trial omnibus motions resulted in a Rule

600 violation, and thus trial counsel was ineffective in failing to present this specific issue in the Rule 600 motion.[4]

Initially, we note that, in affirming Appellant's judgment of sentence on direct appeal, as it relates to Appellant's underlying Rule 600 claim, this Court concluded that:

> The trial court granted [A]ppellant a new trial on August 23, 2011, when it declared a mistrial in [A]ppellant's first trial. Therefore, pursuant to Rule 600, the Commonwealth had until August 23, 2012,[5] to bring [A]ppellant to trial. Appellant filed his motion for dismissal or release for nominal bail on March 15, 2012, well within that time period and no dismissal of charges was therefore available under Rule 600.

Commonwealth v. Fisher, Nos. 1768-1775 WDA 2012, at 14 (footnote added). Accordingly, as it relates to the time period following the trial court's declaration of a mistrial, there is no arguable merit to Appellant's underlying claim of a Rule 600 violation.

Further, to the extent Appellant suggests that, due to judicial delay, trial counsel was ineffective in failing to file a motion to dismiss prior to the trial

_____

[4] On March 15, 2012, Appellant filed a counseled motion for dismissal or release on nominal bail pursuant to Pa.R.Crim.P. 600; however, trial counsel presented no issue related to judicial delay therein. Further, after the trial court denied Appellant's motion on March 26, 2012, there is no indication trial counsel raised the issue of court delay.

[5] We note that Appellant's trial subsequently commenced in July 2012.

court's declaration of a mistrial on August 23, 2011, we find no arguable merit to the underlying claim.

Under Pa.R.Crim.P. 600, Appellant was to be brought to trial within 365 days after the written complaint was filed against him (the mechanical run date). See Pa.R.Crim.P. 600(A)(3).[6]  Here, the written complaint was filed on August 18, 2008 (at least to some of the charges), and Appellant was originally brought to trial on the consolidated cases on August 22, 2011.

However, the "mechanical run date can be modified or extended by adding to the date any periods of time in which the delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date." Commonwealth v. Jackson, 765 A.2d 389, 391 n.3 (Pa.Super. 2000) (citations omitted).

Further, as our Supreme Court has stated:

> Judicial delay can [also] support the grant of an extension of the Rule [600] run date.  See Commonwealth v. Africa, 524 Pa. 118, 569 A.2d 920 (1990).
>
> * * *
>
> In Commonwealth v. Africa, this Court articulated that a two-step process is used to analyze alleged violations of Rule [600]: (1) whether the delay itself was sufficiently long to be "presumptively prejudicial"; and, if so, (2) whether the delay is justified under the balancing test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972).  The balancing test analyzes four factors: the length of the delay; the reason for the delay; the defendant's assertion of the right to a speedy trial; and, any

_____

[6] Rule 600 was amended, effective July 1, 2013; however, the amended version is not applicable to Appellant's case.

prejudice to the defendant arising from the delay.[7] Commonwealth v. Africa, 524 Pa. at 123, 569 A.2d at 923. In Africa, a delay of twenty-seven months was deemed sufficient to trigger the second inquiry under the Barker test. This Court concluded that the Commonwealth had not demonstrated that the accused was brought to trial with due diligence. We reasoned that the judicial process had diverted Africa from "one date to another without much regard for the need to conduct a speedy trial" with the result that successive shifting of Africa to the bottom of the next trial list did not establish a good faith reason for the delay. Id. at 124, 569 A.2d at 923.

Commonwealth v. Spence, 534 Pa. 233, 243–44, 627 A.2d 1176, 1181–82

(1993) (citation omitted) (footnote added).

In the case sub judice, in addressing Appellant's claim, the PCRA court

indicated the following:

The record of the consolidated cases [ ] amply demonstrates that there is no basis to determine that [trial counsel] was ineffective in failing to address the purportedly untoward gap between the filing of an omnibus pretrial motion and the court's

_____

[7] Regarding the fourth factor, which requires the demonstration of prejudice caused by the delay in trial, we have stated the following:
Prejudice, of course, should be assessed in the [sic] light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.
Commonwealth v. Kimbrough, 872 A.2d 1244, 1259 (Pa.Super. 2005) (en banc) (quotation omitted).

- 13 -

decision on that omnibus pretrial motion. With [Appellant's] arrest in Cameron County on August 18, 2008, multiple charges from multiple jurisdictions were compiled and filed. Some of those cases were not transferred to Cameron County until after the filing of omnibus pretrial motions on [Appellant's] behalf by [trial counsel] on October 19, 2009, including those from Potter and Clearfield Counties. Indeed, omnibus motions were not filed in all [of] the cases. Once the transfers were completed, motions for consolidation were presented together with motions for reconsideration when the court denied the Commonwealth's motion to consolidate the cases of [Appellant] and those of his son, Travis Fisher, for trial. Moreover, at the conclusion of the omnibus hearing on February 16, 2010, counsel were afforded the opportunity to submit memoranda of law to the court in support of their respective positions. The timeline regarding the omnibus pretrial motion notwithstanding, [Appellant] has failed entirely to provide any evidence of any prejudice to him as a result of any delay in rendering a decision on his omnibus pretrial motion. It was the consolidation of multiple cases and the ability afforded [Appellant] to address further pretrial issues after the consolidation of all of the cases that resulted in the elapse of time between the filing of the omnibus pretrial motion in the cases initially filed directly in Cameron County and the issuing of an opinion on that motion. Given the number of offenses and number of jurisdictions involved, it was certainly reasonable for [trial counsel] to consider and reflect upon all of the cases consolidated for prosecution and the fact that he did not assert of record any inquiry into the status of the omnibus motion does not connote ineffective assistance, particularly when [Appellant] has not shown any [prejudice]. The mere passage of time does not suffice. Rather, there must be some showing that during the passage of time, [Appellant] sustained some prejudice[,] and he has not made any such showing.

PCRA Court Opinion, filed 12/20/16, at 9-10.

We agree with the PCRA court's reasoning in this regard. Assuming, arguendo, the delay at issue was "presumptively prejudicial," we conclude that, upon a balancing of the Barker factors, Appellant has not demonstrated entitlement to relief due to the judicial delay at issue. Accordingly, since there

is no arguable merit to the underlying claim that trial counsel should have filed a motion to dismiss on this basis, trial counsel cannot be deemed ineffective on this ground.  See Johnson, supra.

For all of the aforementioned reasons, we affirm the PCRA court's order denying Appellant's first petition filed under the PCRA.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/16/2018